U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 5 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COLUMBIA MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-568-A |
| | § | |
| TREWITT-REED FUNERAL HOME, INC. D/B/A LACY FUNERAL HOME, INC., ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the second amended motion of plaintiff, Columbia Mutual Insurance Company, to dismiss the second amended counterclaim of defendant Trewitt-Reed-Lacy Funeral Home, Inc.[1] d/b/a Lacy Funeral Home ("Lacy"). The court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

<u>Background</u>

This case presents an insurance dispute. Plaintiff issued a commercial insurance policy to defendants, Lacy and Brazos Sundown Crematory, LLC, providing coverage for two commercial

---

[1] The court notes that the correct name of this defendant, according to the parties, is different from the name used in the style of the action. The court is ordering that the caption be amended to reflect the proper name.

properties. Defendants say that the properties were damaged during an April 2015 storm. Plaintiff says that some of the damage occurred as a result of an earlier storm for which defendants received compensation from another insurance carrier, but did not make repairs, while other damage is excluded. When matters could not be resolved, plaintiff brought this declaratory judgment action. Lacy, the owner of the properties, has counterclaimed, asserting claims for breach of contract, violation of the Texas Insurance Code, and bad faith.[2] Lacy also seeks a declaratory judgment that the policy at issue provides coverage for the cost to repair the properties or, at least, that the policy is ambiguous and must be interpreted in defendants' favor, that is, to provide coverage.

II.

Grounds of the Motion

Plaintiff says that the second amended counterclaim fails to state any claim to relief that is plausible on its face. Further, the request for declaratory judgment serves no independent purpose and must be dismissed.

---

[2]The pleading at issue is Lacy's second amended counterclaim. Lacy has twice amended the counterclaim in response to motions to dismiss.

2

III.

## Applicable Standards of Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is

3

plausible. <u>Iqbal</u>, 556 U.S. at 678.  To allege a plausible right
to relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. <u>Id.</u> In other words, where the facts pleaded do no
more than permit the court to infer the possibility of
misconduct, the complaint has not shown that the pleader is
entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense." <u>Id.</u>

Rule 9(b) sets forth the heightened pleading standard
imposed for fraud claims: "In alleging fraud or mistake, a party
must state with particularity the circumstances constituting
fraud or mistake." The Fifth Circuit requires a party asserting
fraud to "specify the statements contended to be fraudulent,
identify the speaker, state when and where the statements were
made, and explain why the statements were fraudulent." <u>Hermann</u>
<u>Holdings, Ltd. v. Lucent Techs., Inc.</u>, 302 F.3d 552, 564-65 (5th
Cir. 2002)(internal quotations and citations omitted). Succinctly
stated, Rule 9(b) requires a party to identify in its pleading
"the who, what, when, where, and how" of the events constituting
the purported fraud. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d
333, 339 (5th Cir. 2008). Claims alleging violations of the Texas

4

Insurance Code are subject to the requirements of Rule 9(b).
Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742
(S.D. Tex. 1998).

### III.

### Analysis

Plaintiff first alleges that Lacy has failed to sufficiently
plead its breach of contract claim. Lacy has pleaded the
existence of the insurance policy and the breach of the policy by
plaintiff, unlike the situation in Radenbaugh v. State Farm
Lloyds, No. 4:13-CV-339-A, 2013 WL 4442024 (N.D. Tex. Aug. 16,
2013), upon which plaintiff relies. Although the details are
somewhat sketchy, Lacy has pleaded a claim for breach of
contract.

Lacy's allegations with regard to alleged violations of the
Texas Insurance Code are conclusory and do not contain the facts
needed to support a plausible claim. Luna v. Nationwide Prop. &
Cas. Ins. Co., 798 F. Supp. 2d 821, 828-31 (S.D. Tex. 2011);
Hudgens v. Allstate Texas Lloyd's, No. H-11-2716, 2012 WL
2887219, at *7 (S.D. Tex. July 13, 2012). There are no
allegations as to who said what, when, and where, and how Lacy
was harmed as a result. The allegations regarding bad faith
suffer from the same deficiency. Lacy simply says that plaintiff
investigated and adjusted its claim "in a malicious, intentional,

fraudulent and/or grossly negligent fashion." Doc.[3] 53 at 7, ¶ 28. Lacy also refers to an "extreme risk" of financial damage and "serious damage . . . as a result of [plaintiff's] refusal to honor the Policy." Id. Although the facts are clearly within Lacy's knowledge, it has made no attempt to plead them, despite having been warned three times (by plaintiff's motions to dismiss) of the deficiency.

Finally, Lacy seeks declaratory judgment under the Texas statute, which does not apply here. Camacho v. Texas Workforce Comm'n, 445 F.3d 407, 412-13 (5th Cir. 2006). In any event, the declaratory relief sought would add nothing to the action in that the request mirrors plaintiff's claims and duplicates Lacy's own claim for breach of contract. See, e.g., Burlington Ins. Co. v. Ranger Specialized Glass, Inc., No. 4:12-CV-1759, 2012 WL 6569774, at *2-3 (S.D. Tex. Dec. 17, 2012); Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp., No. 3:07-CV-1799-B, 2008 WL 2434245, at *3 (N.D. Tex. June 17, 2008); Xtria, LLC v. Tracking Sys., Inc., No. 3:07-CV-0160-D, 2007 WL 1791252, at *2-3 (N.D. Tex. June 21, 2007).

---

[3]The "Doc." reference is to the number of the item on the court's docket in this action.

IV.

## Order

The court ORDERS that the caption of this action be, and is hereby, amended to reflect that the first-named defendant is Trewitt-Reed-Lacy Funeral Home, Inc. d/b/a Lacy Funeral Home.

The court ORDERS that plaintiff's second amended motion to dismiss counterclaim be, and is hereby, granted in part, and that Lacy's counterclaims except for breach of contract be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the counterclaims for violation of the Texas Insurance Code, bad faith, and declaratory judgment.

SIGNED February 5, 2016.

_____
JOHN McBRYDE
United States District Judge